# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | | |
|---|---|---|
| Jacqueline S. McFee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | (Jury Trial Demanded) |
| Carolina Pad, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## Complaint

Plaintiff Jacqueline S. McFee ("McFee"), for her Complaint against Defendant Carolina Pad, LLC ("Carolina Pad"), alleges the following:

## The Parties

1. Plaintiff Jacqueline S. McFee is an individual residing at 9113 Monarchos Court, Waxhaw, North Carolina 28173.

2. Defendant Carolina Pad, LLC is a Pennsylvania Limited Liability Company with its main office located at 113 Fillmore Street, Bristol, Pennsylvania 19007. Upon information and belief, Carolina Pad, LLC is an affiliate of or related to Bay Sales, LLC ("Bay Sales").

## Jurisdiction

3. This is an action for copyright infringement.

4. This Court has jurisdiction over the copyright claims based on 28 U.S.C. §§ 1331 and 1338(a).

5. Personal jurisdiction is based upon Federal Rule of Civil Procedure 4(e) and the North Carolina Long-Arm Statute, N.C. Gen. Stat. § 1-75.4.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial portion of the events occurred in this district and because Carolina Pad is doing business and selling infringing goods within this district.

**Statement of Facts**

7. McFee is a skilled and well-regarded designer in the field of Surface Pattern Design.

8. From 2001 through 2015, McFee was the lead designer at CPP International, LLC ("CPP").

9. Until McFee joined CPP, CPP was simply a manufacturer of basic notepads and similar basic stationery and office supplies.

10. When McFee began working for CPP, the company had no creative department. McFee was tasked with developing a creative department and taking responsibility for all the design and creative direction for CPP.

11. McFee immediately established a creative department and began designing unique iconic notebooks and other items that caused CPP to become

extremely financially successful and well-known, until financial-mismanagement of the company by others later had a negative impact on the company's performance.

12. McFee's creative direction proved to be extraordinarily successful. Almost solely as a result of McFee's designs and creative direction, CPP's value quadrupled from approximately $25 million to approximately $100 million at its peak.

13. As part of the agreement with CPP, McFee retained her intellectual property rights in the designs and work product that she created for CPP.

14. Nevertheless, as the company's performance declined due to the financial mismanagement of others within the company, CPP attempted to wrest control of McFee's intellectual property from McFee.

15. Eventually, as CPP continued to decline, McFee was let go, with CPP refusing to acknowledge McFee's ownership of her intellectual property.

16. When it became apparent that CPP was not complying with procedures to transfer McFee's designs (intellectual property) to her, she eventually was left with no option but to file a lawsuit in federal court against CPP, entitled *McFee v. CPP International, LLC*, 3:16-CV-165-RJC-DCK (W.D.N.C. April 6, 2016), and a subsequent suit in Mecklenburg County Superior Court, entitled *McFee v. CPP International, LLC*, 17-CVS-19817 (Oct. 25, 2017). In these cases, McFee claimed rights under an agreement pursuant to which CPP was to assign to McFee

all rights to all of her designs once they were no longer used by CPP for a prescribed period of time, and claimed that CPP opted to continue to use the designs in violation of that agreement.

17. On February 12, 2020, in the Mecklenburg County Superior Court action, the Court entered a judgment (the "Mecklenburg Judgment") against CPP that, inter alia, enjoined CPP from using or selling McFee's designs or intellectual property, or distributing any product that incorporated her intellectual property. The judgment assigned McFee's intellectual property back to her from CPP, along with all royalties and income streams due as of the date of the judgment, along with $7,380,336.84 in damages, plus attorneys' fees. A true and correct copy of the judgment is attached as Exhibit A hereto.

18. Bay Sales purchased some of CPP's assets during or around March 2019, after McFee filed the Mecklenburg County Superior Court action. However, McFee was not informed about the sale by anyone at CPP.

19. And despite the Mecklenburg Judgment, upon information and belief, Bay Sales received and has sold products from CPP that incorporate designs McFee owns, and that appropriate the total concept and feel of the McFee designs, in violation of the injunctive provisions of the Mecklenburg Judgment.

20. During and after the sales of Charlotte-based CPP's assets to Bay Sales, Bay Sales purposefully availed itself of the privilege of conducting activities

in North Carolina and directed activities toward North Carolina, including communicating with CPP and its representatives in North Carolina during due diligence and the purchase.

21. Around April 15, 2020, McFee's counsel sent a letter to Bay Sales instructing that McFee was aware that Bay Sales was selling products featuring designs owned by McFee; advising Bay Sales of the February 2020 Mecklenburg Judgment; and requesting that Bay Sales cease and desist from selling merchandise containing McFee's designs, and requesting information necessary to recover funds and protect her intellectual property rights. Subsequently, an actual copy of the judgment was provided to Bay Sales.

22. In response, Bay Sales' counsel stated that Bay Sales went out of its way not to acquire any assets relating to McFee intellectual property.

23. However, upon information and belief, Bay Sales continued selling product in violation of McFee's intellectual property rights, directly and then through Carolina Pad, LLC.

24. Carolina Pad, LLC is Bay Sales' effort to capitalize on McFee's designs and the goodwill in CPP, the company she built. More specifically, Carolina Pad, LLC has misappropriated not only specific McFee designs, but the entire "look and feel" that she created for CPP and its products.

25. After McFee made Bay Sales aware of the Mecklenburg Judgment, it "doubled down" on its violation by continuing to use Carolina Pad, LLC to sell infringing products and misappropriate the essence of McFee's brand.

26. Aside from having a name similar to and evocative of CPP, the newly formed Carolina Pad, LLC sells designs that are the same as, or substantially similar to, designs owned by McFee, and that appropriate the total concept and feel of the McFee designs.

27. Carolina Pad's website illustrates its copyright infringement and brand misappropriation. The "Our History" page of Carolina Pad's website holds out Carolina Pad, LLC as the successor to CPP. It features a chronology that says, "Carolina Pad is back," emphasizes that it was "founded in Charlotte, NC," and describes how McFee's "Studio C became the new brand for CP's fashion line in 2009."

28. Carolina Pad, LLC's website confirms that it is selling product at major retailers like Staples, as well as online.

29. Carolina Pad is also selling product through Staples in North Carolina, and in this district.

30. McFee already has an existing copyright registration in her Black and White floral design, and has applied for copyright registration in her In the Navy stripe design, Kaleidoscope floral design, Hot Chocolate stripe design, Pattern Play

6

polka dot design, Pattern Play stripe design, Malibu polka dot design, Malibu strip design, and Malibu paisley design. Copies of the relevant designs, registration, and registration applications are attached as Exhibits B through J.

31. McFee created the designs identified in paragraph 30 above, which constitute copyrightable subject matter under the laws of the United States

32. McFee is the sole owner of the copyrights to said designs.

33. McFee has complied with all statutory requirements in securing federal statutory copyright for said designs under the Copyright Laws of the United States.

34. Carolina Pad has and is willfully infringing Mcfee's copyrights in said designs through the sale of various office supplies on the carolinapad.com website and at various retail outlets such as Staples, Mardel, Bi-Mart, H-E-B, and Discount Drug Mart.

## Cause of Action

### *(Copyright Infringement in Violation of 17 U.S.C. § 501)*

35. Plaintiff McFee repeats and realleges the allegations contained in paragraphs 1 through 33 inclusive.

36. Defendant Carolina Pad's use of designs in the Panache, Day Trip, One Hip Chick, and Summer Breeze lines are uses of designs that are copies of the McFee

designs, as wells a misappropriation of the total concept and feel of the McFee designs.

37. Defendant Carolina Pad's use of designs in the Panache, Day Trip, One Hip Chick, and Summer Breeze lines are uses by Carolina Pad that are without the consent, approval, or license of McFee, and infringe on McFee's copyrights in those designs, in violation of 17 U.S.C. § 501.

38. Defendant Carolina Pad's infringement of McFee's copyrights has caused McFee damages in an amount yet to be determined, and has resulted in profits to Defendant Carolina Pad in an amount yet to be determined, thus depriving McFee of revenue to which she is entitled.

39. By reason of the foregoing, McFee has been injured in an amount not yet ascertained, and is entitled to the remedies provided for in 17 U.S.C. §§ 502 through 505.

WHEREFORE, Plaintiff McFee prays that judgment be entered against Defendant Carolina Pad, LLC as follows:

(1) that Carolina Pad, and its officers, agents, servants and employees, and all persons acting in concert or participation with Carolina Pad, be preliminarily and permanently enjoined from:

(a) using the designs in the Panache, Day Trip, One Hip Chick, and Summer Breeze lines, any colorable imitation of McFee's designs, or any designs that invoke a substantially similar concept and feel as McFee's designs;

(b) otherwise infringing on McFee's intellectual-property rights identified in the Mecklenburg Judgment, in accordance with 17 U.S.C. § 502;

(2) that Carolina Pad be directed to file with this Court and serve on McFee, within thirty (30) days after issuance of the injunction, a report in writing, under oath, setting forth in detail the manner and form in which Carolina Pad has complied with the injunction;

(3) that Carolina Pad be required to account for and pay over to McFee all gains, profits, and advantages realized from the sale of products using the designs in the Panache, Day Trip, One Hip Chick, and Summer Breeze lines, or for infringement of the Black and White floral design, either all gains, profits and advantages or statuary damages as authorized by 17 U.S.C. § 504(c);

(4) that Carolina Pad be required to pay to McFee such damages as Plaintiff McFee has sustained as a consequence of Carolina Pad's acts of copyright infringement, including enhanced damages, in accordance with 17 U.S.C. § 504(c)(2);

(5) that Carolina Pad be required to deliver up for destruction all products, packaging, labels, literature, advertising, and other material relating to or bearing the

designs from the Panache, Day Trip, One Hip Chick, and Summer Breeze lines, in accordance with 17 U.S.C. § 503;

(6) that Carolina Pad be required to pay McFee' costs, expenses, and reasonable attorneys' fees in connection with this action, in accordance with 17 U.S.C. 505; and

(7) that McFee have such other, further, and different relief as this Court deems just and proper.

## Demand for Jury Trial

Plaintiff demands trial by jury as to all issues triable by jury in this case as a matter of right.

Respectfully submitted, this 23rd day of November, 2021.

/s/*Albert P. Allan*
Albert P. Allan
N.C. Bar No. 18882

ALLAN LAW FIRM, PLLC
P.O. Box 36001
201 North McDowell Street
Charlotte, North Carolina 28236

(e) alallan@allaniplitigation.com
(t) 704-371-5605


/s/ *William R. Terpening*
William R. Terpening
N.C. Bar No. 36418
Tomi M. Suzuki
N.C. Bar No. 55561

TERPENING LAW PLLC
221 West 11th Street
Charlotte, North Carolina 28202

(e) terpening@terpeninglaw.com
(t) 980-265-1700

*Counsel for Plaintiff Jacqueline S. McFee*