IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21CV633-GCM

| | |
|---|---|
| JACQUELINE S. MCFEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| CAROLINA PAD, LLC, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court upon Plaintiff's Motion to Strike Defendant's Motion for Sanctions and Memorandum of Law in Support of Defendant's Motion for Sanctions. The motion is fully briefed and ripe for disposition.

**FACTUAL BACKGROUND**

Plaintiff filed her Complaint against Defendant alleging copyright infringement on November 23, 2021. (Doc. 1). Defendant filed a Motion to Dismiss for lack of standing and for failure to state a claim. (Doc. 11). Defendant also filed a Motion for Sanctions under Rule 11 of the Federal Rules of Civil Procedure. (Doc. 13). Plaintiff seeks to strike Defendant's Motion for Sanctions pursuant to Rules 11(c)(2) and 12(f), arguing that Defendant failed to comply with Rule 11(c)(2) in that it did not serve its motion and memorandum on Plaintiff prior to filing and did not comply with the 21-day safe harbor rule.

**DISCUSSION**

Rule 11(b) provides that by presenting a pleading to a court, an attorney certifies that, after conducting a reasonable inquiry, evidentiary support exists for the factual allegations pled in the complaint. Fed. R. Civ. P. 11(b)(3). If a party believes that it has been served with a

1

complaint for which no reasonable inquiry had been conducted, or for which no evidentiary support existed, then he may move for sanctions pursuant to Rule 11(c). Fed. R. Civ. P. 11(c)(1). The movant may not, however, file the motion for sanctions with the court unless the motion has been served on the non-moving party at least twenty-one (21) days prior to filing, and the non-moving party has not withdrawn or otherwise corrected the challenged writing within the twenty-one-day period. Fed. R. Civ. P. 11(c)(2). Compliance with the "21-day safe harbor" rule is a condition precedent to sanctions. *RMC Publ'ns, Inc. v. Doe*, No. 3:07-cv-3170-JFA, 2008 WL 11472127, at * 3 (D.S.C. Feb. 5, 2008) (citing *Brickwood Contractors, Inc. v. Datanet Eng., Inc.*, 369 F.3d 385, 393 (4th Cir. 2004)).

There is no dispute that Defendant failed to serve the motion for sanctions and memorandum prior to filing it with the Court. Instead, Defendant sent a letter to Plaintiff's counsel on December 15, 2021, discussing the purported flaws in Plaintiff's claims and demanding that she dismiss her claims with prejudice or Defendant "intends to file . . . a Rule 11 motion for sanctions …". (Doc. No. 10-6, pp. 1, 6). Defendant argues that this letter satisfied the Rule 11 the safe harbor requirements. The Court disagrees. The Fourth Circuit has stated:

> The requirements of the rule are straightforward: The party seeking **sanctions must serve the Rule 11 motion** on the opposing party at least twenty-one days before filing the motion with the district court, and sanctions may be sought only if the challenged pleading is not withdrawn or corrected within twenty-one days after service of the motion.

*Brickwood*, 369 F.3d at 389 (emphasis added); *see also Hamlin v. TD Bank*, No. 1:13-CV-00200-MR-DSC, 2014 WL 3101942, at *3, n.2 (W.D.N.C. July 4, 2014) ("The motion for sanctions must be served on the offending party at least twenty-one days before filing and must describe in detail the alleged offending conduct. Therefore, counsel's letter threatening to file a motion for Rule 11

2

sanctions in the event that the motion to dismiss was granted was not sufficient to trigger the safe harbor provision of Rule 11(c)(2).").

Defendant also argues Plaintiff's Motion to Strike is improperly brought pursuant to Rule 12(f), because Rule 12(f) only authorizes the Court to strike a "pleading," not a motion. Again, the Court disagrees. This Court has previously stated that "[t]he Court has within its discretion the inherent authority to strike documents other than those allowed under Rule 12(f) of the Federal Rules of Civil Procedure." *Clear Blue Ins. Co. v. Amigo MGA, LLC*, No. 3:20-CV-00312-GCM, 2020 WL 7699846, at *1 (W.D.N.C. Dec. 28, 2020); *see also Anusie-Howard v. Todd*, 920 F. Supp. 2d 623, 627 (D. Md. 2013), *aff'd* 615 Fed. Appx. 119 (4th Cir. 2015); *Iota Xi Chapter of Sigma Chi Fraternity v. Patterson*, 566 F.3d 138, 150 (4th Cir. 2009).

As Defendant has failed to comply with Rule 11(c)(2), the Court must grant Plaintiff's Motion.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Strike Defendant's Motion for Sanctions and Memorandum of Law in Support of Defendant's Motion for Sanctions is hereby GRANTED, and Defendant's Motion for Sanctions is hereby DISMISSED without prejudice.

Signed: February 15, 2022

Graham C. Mullen
United States District Judge