IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21CV633-GCM

| | |
|---|---|
| JACQUELINE S. MCFEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| CAROLINA PAD, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court upon Defendant's Motion to Dismiss. The motion is fully briefed and ripe for disposition.

I. FACTUAL BACKGROUND

This is an action for copyright infringement. From 2001 through 2015, Jacqueline McFee was the lead designer at CPP International, LLC ("CPP"). (Compl. ¶ 8). Prior to that time, CPP had no creative department, and manufactured basic notepads, stationery, and office supplies. *Id* at ¶¶ 8-9. After McFee arrived, she established a creative department and began designing unique notebooks and other items that dramatically increased CPP's financial success, and caused CPP to become well known in the stationery and office supply field. *Id*. at ¶¶ 11-12.

Ms. McFee had an employment agreement (the "Agreement") with CPP whereby McFee retained her intellectual property rights in the designs and work product she created for CPP. *Id*. at ¶ 13. As part of the Agreement, CPP was required to affirmatively transfer the intellectual property rights in all designs created by McFee once they were no longer used by CPP for a prescribed period of time. *Id*. at ¶ 16.

1

When McFee departed from the CPP, she sought to obtain copyright ownership of her designs based on this Agreement. *Id.* at ¶¶ 15-16. A dispute arose between McFee and CPP and CPP refused to assign the copyrights to her. *Id.*

McFee filed a lawsuit against CPP in this court in 2016 raising federal law claims of: (i) false advertising in violation of 15 U.S.C. § 1125(a) and (ii) copyright infringement in violation of 17 U.S.C. § 501; as well as state law claims of: (iii) unfair competition, (iv) unfair and deceptive trade practices in violation of North Carolina General Statutes § 75-1.1, and (v) breach of contract. *McFee v. CPP Int'l*, No. 3:16-CV-165-RJC-DCK, 2016 WL 8257667, at *2 (W.D.N.C. Nov. 17, 2016), *report and recommendation adopted*, *Mcfee v. CPP Int'l*, No. 3:16CV00165-RJC-DCK, 2017 WL 628306 (W.D.N.C. Feb. 15, 2017) *(McFee I)*. In that case, McFee alleged that all rights in her designs reverted to her upon the occurrence of what the Agreement referred to as End of Sale status, which McFee further alleged had been reached. CPP moved to dismiss and the court dismissed Plaintiff's federal law claims with prejudice, holding that laintiff failed to state a claim because she did not have ownership of the disputed designs—including the related copyright and trademark rights.[1] The court found that the plain language of the Agreement required CPP to affirmatively assign ownership to McFee when End of Sale status was reached, and until this was done, McFee did not possess copyright or trademark ownership.[2] The Court determined that it lacked jurisdiction to hear the dispute, and suggested that the state claims be raised in state court.

---

[1] Having dismissed Ms. McFee's federal claims, the court declined to exercise jurisdiction over her state law claims and dismissed them without prejudice to be refiled in state court.

[2] The court explained:
> Although [CPP International] may be in breach of the Employment Agreement by failing to assign intellectual property ownership to Plaintiff, Defendant nonetheless

2

Thereafter, McFee filed a state court action in Mecklenburg County Superior Court entitled *Jacqueline S. McFee v. CPP International*, Mecklenburg County Case No. 17-CVS-1981 ("*McFee II*"), asserting claims for breach of contract, fraud, constructive fraud, unfair competition, unfair and deceptive trade practices, and breach of fiduciary duty. (Compl., Ex. A at p. 2). On March 14, 2019, while *McFee II* was pending, CPP sold assets to a company called Bay Sales. (Compl. ¶ 18). On February 12, 2020, the state court entered a default judgment against CPP on Plaintiff's state law claims and assigned all McFee's intellectual property—including copyright rights—back to her from CPP. *Id.* The relevant excerpts of the final judgments state:

> II. <u>DEFINITIONS</u>
> As used in this Final Judgment:
> . . . .
> B. "McFee Intellectual Property" means all names and designs identified in Appendix A, and includes all trademarks, copyrights, and trade names, all patterns and schemes underlying, all models, samples and pre-production mock-ups, and all other intellectual intellectual [sic] property otherwise incorporated, including all variants thereof.
> . . . .
> V. <u>ASSIGNMENT</u>
> All right, title, and interest, in and to the McFee Intellectual Property, together with the goodwill associated with the McFee Intellectual Property, to the extent it was used or owned by Defendant [CPP], is hereby assigned and transferred to Plaintiff Jacqueline McFee, for Plaintiff Jacqueline McFee's own use and enjoyment, and for the use of Plaintiff Jacqueline McFee's successors, assigns, or other legal representatives, together with all income, royalties or payments due or payable as of the date of this Final Judgment, including without limitation all claims for damages by reason of future infringement or other unauthorized use of the McFee Intellectual Property, with the right to sue for and collect the same for Plaintiff Jacqueline McFee's own use and enjoyment and for the use and enjoyment of her successors, assigns, or other legal representatives.

---

needed to affirmatively assign any such ownership. Absent that assignment, Plaintiff does not have ownership of the intellectual property rights and fails to state a claim for false advertising or copyright infringement.

*McFee I*, 2017 WL 628306, at *3.

3

(Compl. Ex. A at pp. 2, 4).

After re-acquiring the rights to her designs, McFee alleges that she discovered that a company calling itself Carolina Pad, LLC ("Carolina Pad") is selling notebooks and office supplies in violation of McFee's intellectual property rights. (Compl. ¶¶ 23-29). The new products featured on the Carolina Pad website use designs that are substantially similar to those of McFee's, thus infringing on McFee's copyrights. *Id*. McFee specifically identified Carolina Pad's Panache, Day Trip, One Hip Chick, and Summer Breeze lines as those that McFee contends infringe her copyrights, and specifically identifies her Black and White floral, In The Navy stripe, Kaleidoscope floral, Hot Chocolate stripe, Pattern Play polka dot, Pattern Play stripe, Malibu polka dot, Malibu stripe, and Malibu paisley designs as those that have been infringed. (Compl. ¶¶ 30, 37). Furthermore, the address listed for Carolina Pad on the website is the same address as Bay Sales, while the Carolina Pad website also features a chronology that claims that it is the successor to CPP, was "founded in Charlotte, NC," that "Carolina Pad was back." *Id.* at 27. The website describes how McFee's "Studio C became the new brand for CP's fashion line in 2009." *Id.*

Plaintiff filed the instant Complaint in November of 2021 alleging one claim of copyright infringement against Carolina Pad. In her Complaint, Plaintiff now alleges that Carolina Pad infringed Plaintiff's copyrights by re-selling various products it purchased in the sale of CPP's inventory. Defendant Carolina Pad moves to dismiss pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

4

## II. DISCUSSION

### A. Legal Standards

Defendant challenges Plaintiff's standing to bring this claim. "As standing 'is a fundamental component of a court's subject-matter jurisdiction,' a defendant may properly challenge a plaintiff's standing by way of a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure." *Tingley v. Beazer Homes Corp.*, 3:07-cv-176, 2008 WL 1902108, *2 (W.D.N.C. April 25, 2008) (citation omitted). A plaintiff who is not the owner of a copyright does not have standing to bring an infringement claim. 17 U.S.C. § 501(b); *see also Kevin Chelko Photography, Inc. v. JF Restaurants, LLC*, 3:13-cv-00060-GCM, 2017 WL 240087, *1 (W.D.N.C. Jan. 19, 2017) (Mullen, J.) (dismissing a copyright infringement claim where the plaintiff did not own the copyrights at issue and lacked standing to sue).

A motion to dismiss for lack of subject matter jurisdiction may be presented in two ways: (1) "the defendant may contend that the 'complaint simply fails to allege facts upon which subject matter jurisdiction can be based'" or (2) "the defendant may assert that the jurisdictional allegations in the complaint are not true." *Tingley*, 2008 WL 1902108 at *2 (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must include factual allegations which are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007). A claim must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Twombly*, 550 U.S. at 570).

5

In evaluating a motion to dismiss, the court "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff" but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffiars.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

**B. Analysis**

Defendant first argues that dismissal is appropriate because Plaintiff does not own the copyrights at issue and therefore does not have standing to bring this lawsuit. In support of its argument, Defendant cites the ruling in *McFee I* explicitly finding that absent an assignment from CPP, "Plaintiff does not have ownership of the intellectual property rights and fails to state a claim for false advertising or copyright infringement." *McFee I*, at *3.

McFee responds that Carolina Pad ignores the subsequent final judgment issued by the state court assigning all rights to her. While the *McFee I* court did rule that McFee did not have ownership of the designs *at that time*, the court's order did not preclude McFee from ever attaining ownership. The court implied that McFee could obtain ownership if she prevailed in her breach of contract claim in state court, which she ultimately did.

Defendant contends that the state court judgment does not help the Plaintiff because the state court lacked jurisdiction to confer copyright ownership. Defendant points out that the federal courts are vested with exclusive jurisdiction over copyright claims. *See* 17 U.S.C. § 301(a). Consequently, the Fourth Circuit has long held that the doctrine of complete preemption applies in copyright cases. *Rosciszewski v. Arete Assocs., Inc*., 1 F.3d 225, 232 (4th Cir. 1993).

Plaintiff counters[3] that the state court action was a breach of contract case, not a copyright case,[4] hence, preemption is not applicable. In her state court action, McFee alleged that "[b]y failing to assign all right, title, and interest in the End of Sale Designs to McFee, and by continuing to use those designs or certain intellectual property rights associated with those designs, CPP has knowingly and intentionally breached the terms of the 2008 Employment Agreement." (Doc. No. 29-1, at ¶ 31). As part of her requested relief, McFee sought the reassignment of all right, title and interest in the End of Sale Designs and any other designs covered by the 2008 Employment Agreement from CPP International to her, in accordance with the terms of that agreement. *Id*. Prayer for Relief (c) and (d). Thus, the state court award was the result of a request for relief reassigning to McFee that to which she was entitled under the Agreement. As such, it was no different from an award under any other breach of contract action.

Not all cases involving disputed copyrights are limited to federal jurisdiction or arise under federal copyright laws. A case does not "arise under" copyright law unless the complaint (1) seeks a remedy expressly granted by the Copyright Act such as a suit for infringement, (2) asserts a claim requiring construction of the Act, or (3) requires federal principles to control the disposition of the claim. *T. B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir. 1964). *McFee II* simply does not fit under any of these categories.

The Defendant argues that even if Plaintiff could plead ownership of a valid copyright via the February 12, 2020 state court default judgement, the first sale doctrine bars her copyright infringement claim. The first sale doctrine gives the copyright owner the right to control the first sale of the copyrighted material, and it protects a buyer who then re-sells the copyrighted

---

[3] The Court directed Plaintiff to file a Surreply.
[4] In *McFee I*, both the magistrate and district judge recognized that the action was "[a]t its core, . . . a breach of contract action." *McFee I,* Mem. and Recommendation of 11/17/16 at 10; Order of 2/15/17 at 7.

7

material. *Hotaling v. Church of Jesus Christ of Latter-Day Saints*, 118 F.3d 199 (4th Cir. 1997). Defendant claims that on March 14, 2019, well before Plaintiff contends she obtained copyright ownership, CPP underwent an Article 9 sale in which its inventory was sold. Bay Sales, LLC (an affiliate of Carolina Pad) purchased some of that inventory. CPP was the copyright owner of the inventory at the time of the Article 9 sale. Thus, the first sale doctrine protects Bay Sales, LLC and Carolina Pad as alleged buyers of some of that inventory from any copyright infringement claim arising from the re-sale of those products.

The court finds that there are significant questions of fact surrounding the alleged sale of inventory by CPP, making the first sale doctrine an issue outside the scope of this motion to dismiss.

Finally, Defendant argues that even if Plaintiff can prove ownership of the copyrights, dismissal is appropriate because Plaintiff fails to plead sufficient factual allegations to state a plausible claim. To state a claim for copyright infringement, a plaintiff must allege: (1) ownership of a valid copyright, and (2) copying of the original elements of the work by the defendant. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co*., 499 U.S. 340, 361 (1991). Defendant claims that the Complaint herein only generically references designs created at CPP and mentions Defendant's "Panache, Day Trip, One Hip Chick and Summer Breeze lines." (Compl. at ¶ 37). It does not identify (i) what Defendant's purportedly infringing "lines" or products are, (ii) how those products copy any purported copyrights, (iii) how those products are substantially similar to any purported copyrights. Without more, Defendant contends, Plaintiff has plausibly failed to state a claim for copyright infringement.

In determining whether McFee's claims are plausible this Court must consider McFee's Complaint in the light most favorable to McFee, and must accept as true all of McFee's well-

8

pleaded factual allegations. *See Randall v. U.S.*, 30 F.3d 518, 522 (4th Cir. 1994). Contrary to Defendant's argument, the Court finds that Plaintiff has sufficiently identified the designs that she contends have been infringed, and has identified the Carolina Pad designs that she contends are infringing. Taken as true and in the light most favorable to McFee, the allegations in the Complaint are sufficient to state a claim for copyright infringement.

For the foregoing reasons,

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss is hereby DENIED.

Signed: June 16, 2022

Graham C. Mullen
United States District Judge