IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21CV633-GCM

| | |
|---|---|
| JACQUELINE S. MCFEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| CAROLINA PAD, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court upon Defendant's Motion for Summary Judgment (Doc. No. 64) and Plaintiff's Motion for Partial Summary Judgment Dismissing Eight Affirmative Defenses and Establishing the Infringer's Profits (Doc. No. 66). Both Motions are fully briefed and ripe for disposition, and oral argument was held on November 7, 2023.

## I. FACTUAL BACKGROUND

This is an action for copyright infringement. Plaintiff Jacqueline McFee ("McFee") was part-owner, lead designer, and the Vice-President of Creative for CPP International, LLC ("CPP") for fifteen years, from 2001 through 2015. CPP was a wholesale distributor of stationery and office supplies. McFee and other CPP designers created designs that CPP printed on back-to-school products, including stationery, notebooks, and related goods. While employed by CPP, McFee created the seven designs at issue in this lawsuit: Black and White Floral, In the Navy, Kaleidoscope, Hot Chocolate, Pattern Play, Malibu, and Malibu Paisley. McFee has an existing copyright registration for the Black and White Floral design, but at the time she filed her original Complaint, the remaining designs only had copyright applications.

After CPP ceased operations, some of its assets, including intellectual property, were sold to Bay Sales, LLC. Defendant Carolina Pad, LLC ("Carolina Pad") was formed in March of 2019. Like CPP, Carolina Pad sells school and office supplies, including stationery, notebooks, folders, notepads, pocket organizers, and related products. Carolina Pad's products are arranged by thematic "collections," which include complementary designs on a line of products, and are sold to various retailers (e.g., Staples, Target) to be resold to consumers. Bay Sales, LLC and Carolina Pad share the same owners. In addition, some of the designers and other employees that worked at CPP were hired by Carolina Pad.

McFee filed this lawsuit alleging that certain of Carolina Pad's designs infringe upon seven of her designs.[1] Carolina Pad has moved for summary judgment, arguing primarily that McFee's designs and those of Carolina Pad are not substantially similar. McFee seeks summary judgment as to eight of Carolina Pad's affirmative defenses. Should Carolina Pad be liable for copyright infringement, McFee also seeks to establish that its total profits are the correct measure of damages, without any deductions for expenses.

## II. DISCUSSION

### A. Summary Judgment Standard

Courts must grant summary judgment for the moving party "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A factual dispute is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). "A fact is material if it might affect the outcome of the

---

[1] In her summary judgment briefing Plaintiff has dropped consideration of her "Pattern Play" design and appears not to pursue her infringement claim as to this particular design.

suit under the governing law." *Vannoy v. Federal Reserve Bank of Richmond*, 827 F.3d 296, 300 (4th Cir. 2016) (quoting *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013)).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact through citations to the pleadings, depositions, answers to interrogatories, admissions or affidavits in the record. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003). "The burden on the moving party may be discharged by 'showing'…an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 322. The nonmoving party may not rely upon mere allegations to defeat a motion for summary judgment. *Id.* at 324.

Although a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Tolan v. Cotton*, 572 U.S. 650, 657 (2014); *see also Anderson*, 477 U.S. at 255; *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (citations omitted). Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248; *Hatley v. City of Charlotte*, 826 F. Supp. 2d 890, 896 (W.D.N.C. 2011). "Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Also, the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. *Id.* If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Id.* at 249-50.

### B. Substantial Similarity

To state a claim for copyright infringement, a plaintiff must allege: (1) ownership of a valid copyright, and (2) copying of the original elements of the work by the defendant. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc*., 499 U.S. 340, 361 (1991); *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc*., 790 F.3d 532, 537 (4th Cir. 2015), as amended, (June 24, 2015). Where, as here, a plaintiff possesses no direct evidence that the defendant copied a protected work, the plaintiff "may prove copying by circumstantial evidence in the form of proof that the alleged infringer had access to the work *and* that the supposed copy is substantially similar to the author's original work." *Humphreys & Partners Architects, L.P*., 790 F.3d at 537 (emphasis added).

Substantial similarity is a two-pronged test. *Id*. at 537-38. The plaintiff must show that the two works are (1) extrinsically similar; *and* (2) intrinsically similar. *Id.* (emphasis added). The extrinsic inquiry is objective and looks to "external criteria" of "substantial similarity between the alleged copy and the protected elements of the copyrighted work." *Id*. The intrinsic inquiry implicates the perspective of the work's intended observer and "looks to the 'total concept and feel of the works.'" *Id*. (internal citation omitted).

The "substantial similarity" test varies according to the circumstances of the case. 4 Nimmer on Copyright § 13.03 (2023). When copyrights reflect "only scant creativity," more similarity is required. *See id.* ("More similarity is required when less protectible matter is at issue."); *Zalewski v. T.P. Builders, Inc.*, 754 F.3d 95, 102 (2d Cir. 2014) (affirming grant of summary judgment in defendant's favor on copyright claim because works at issue were not substantially similar and explaining that courts must be more discerning of differences between two works when copyrighted work involves little originality).

4

To the extent works with little creativity are protected by copyright, courts refer to those designs as having "thin" copyrights because they are entitled to only scant, or thin, protection. *See* 4 Nimmer on Copyright § 13.03 (2023) (citing *Feist Publ'ns, Inc.*, 499 U.S. at 349). "[I]f substantial similarity is the normal measure required to demonstrate infringement, 'supersubstantial' similarity must pertain when dealing with 'thin' works." *Building Graphics, Inc. v. Lennar Corp.*, 866 F. Supp. 2d 530, 544 (W.D.N.C. 2011) (quoting *Transwestern Pub. Co. LP v. Multimedia Mktg. Assocs.*, 133 F.3d 773, 776-77 (10th Cir. 1998)); s*ee also Intervest Const., Inc. v. Canterbury Estate Homes, Inc.*, 554 F.3d 914, 921 (11th Cir. 2008) (affirming grant of summary judgment on copyright claim in favor of defendant because works at issue were not similar enough to fulfill the "narrower scope of protection available" required when original work has only "thin" protection).

For purposes of this motion, the Court will assume that Defendant had access to Plaintiff's designs through shared corporate history and overlapping employees. However, to avoid summary judgment, Plaintiff must still clear the hurdle of extrinsic substantial similarity of the designs. The Court may conduct its own review of the works at issue and determine whether the works are substantially similar. *See Eaton v. National Broadcasting Co.*, 972 F. Supp. 1019, 1023, 1027 (E.D. Va. 1997), *aff'd*, 145 F.3d 1324 (4th Cir. 1998) (granting summary judgment in defendant's favor on copyright claim because there was no substantial similarity between two works at issue and noting that summary judgment motions are "routinely" granted in copyright cases); *Building Graphics*, 866 F. Supp. 2d at 544 (conducting comparison of architectural works at issue, listing differences between them, and ultimately dismissing plaintiff's copyright claims at summary judgment stage).

The designs at issue herein consist of stripes, polka dots, and flowers. The United States Copyright Office has made it clear that copyright protection does not extend to "familiar symbols or designs." U.S. Copyright Office, Copyright Circular 33 at § 313.4(J); 37 C.F.R. § 202.1. Only the particular arrangement of the stripes, colors, and patterns, taken as a whole, may perhaps be subject to protection, and only then, as a "thin" copyright in which more than substantial similarity to an allegedly infringing design must be shown. Polka dots, stripes and flowers are used commonly as designs on products of nearly every kind, and there are only so many variations of these designs. *See*, *e.g.*, *Mattel, Inc. v. MGA Entm't, Inc.*, 616 F.2d 904, 914 (9th Cir. 2010) (explaining that "[i]f there's only a narrow range of expression (for example, there are only so many ways to paint a red bouncy ball on blank canvas), then copyright protection is 'thin' and a work must be 'virtually identical' to infringe."). In *Hennon v. Kirklands, Inc.*, 870 F. Supp. 118 (W.D. Va. 1994), *aff'd*, 64 F.3d 657 (4th Cir. 1995), the court rejected a claim of substantial similarity between Christmas caroler figurines, finding that they were not substantially similar because there are only so many ways to create a Christmas caroler figurine. The court recognized that "similarities between the carolers are to a great extent dictated by the subject matter that the works portray." *Id*. at 121. The court noted that "the fact that the same subject matter may be present in two [works] does not prove copying or infringement." *Id*. (citation omitted).

**C. Comparison of the Designs**

With the foregoing principles in mind, the Court will examine each of Plaintiff's designs at issue and compare them to Defendant's allegedly infringing design.

6

1. **Black and White Floral**

| McFee's Black and White Floral (Doc. No. 47-2) | Carolina Pad's One Hip Chick (Doc. No. 63-6, p. 3) |
|---|---|
|  | |

McFee's Black and White Floral design contains a two-tone floral pattern, and so does the floral design in Carolina Pad's One Hip Chick collection. However, that is where the similarities end. McFee's Black and White Floral pattern depicts white flowers floating and rotating on a black background. Carolina Pad's One Hip Chick floral pattern, however, contains navy flowers on a white background,[2] depicts different types of flowers and branches than those in McFee's design, and has different spacing than in McFee's design. Moreover, Carolina Pad's design depicts overlapping flowers, leaves, and branches and McFee's design does not.

---

[2] **When examining the designs herein for extrinsic substantial similarity, it is imperative that one view the designs in their existing color palette.**

### 2. In the Navy Stripes

| McFee's In the Navy Stripes (Doc. No. 47-3) | Carolina Pad's One Hip Chick (Doc. No. 63-6, p. 3) |
|---|---|
|  | |

Both designs contain horizontal stripes, however, stripes in and of themselves are not original elements of a design that are subject to copyright protection. McFee's design consists of horizontal stripes in navy, pink, red, orange, and white, of varying thicknesses and arrangements. In contrast, Carolina Pad's stripe design contains various shades of blue stripes, along with white and purple stripes, in different thicknesses and different patterns than those in McFee's designs.

### 3. Kaleidoscope Floral

| McFee's Kaleidoscope Floral (Doc. No. 47-4) | Carolina Pad's Day Trip (Doc. No. 63-7, p. 7) |
|---|---|
|  | |

Both designs obviously contain colorful flowers. McFee's design contains numerous daisy-type overlapping flowers with some flowers depicted as outlines only. The flowers are crowded with very little space between them. Defendant's design consists of a softer color palette, contains no flower outlines, and depicts many different types of flowers, such as peonies, black-eyed Susans, and hyacinths, as well as leaves and what appear to be eucalyptus branches. The flowers are arranged and spaced differently, with minimal overlap. Defendant's design also features many more leaves and stems, with the flowers positioned on top of the greenery.

### 4. Hot Chocolate Stripes

| McFee's Hot Chocolate Stripes (Doc. No. 47-5) | Carolina Pad's Day Trip (Doc. No. 63-7, p. 9) |
|---|---|
|  | |

While it is obvious that both designs contain stripes, the similarity ends there. McFee's design uses a black, orange, and purple pattern of horizontal stripes on a black background. Some stripes appear to contain a cross-checked pattern. Carolina Pad's stripe design does not contain a similar color palette or a cross-checked pattern within a stripe. While some of the stripes do contain patterns, the patterns are markedly different than the pattern in McFee's design. Moreover, some of the stripes in Defendant's design are particularly thin, and there is more overall size variation.

### 5. Malibu Paisley

| McFee's Malibu Paisley Design (Doc. No. 47-7) | Carolina Pad's One Hip Chick Collection (Doc. No. 63-6, p. 3) |
|---|---|
|  | |

Despite its name, McFee's design does not contain paisleys, but rather bright swirls and waves. The color palette is bright. In contrast, Carolina Pad's design contains a classic paisley design with multiple paisleys, dotted lines, and a dramatically different color palette.

11

### 6. Malibu Polka Dots

| McFee's Malibu Polka Dots Design (Doc. No. 47-6) | Carolina Pad's Panache Collection (Doc. No. 63-8, p. 3) |
|---|---|
|  | |

There is superficial similarity here in that both designs contain polka dots. McFee's Malibu Polka Dots design is a random assortment of uniformly sized polka dots in many different bright colors. Carolina Pad's designs contain two layers of polka dots on an ivory background: the first layer of polka dots are exceedingly small, in gold foil, and are arranged in a deliberate, uniform pattern; and the second layer of Carolina Pad's polka dots are larger, arranged in various diagonals, and come in only three colors—pink, green, and dark purple.

### D. Plaintiff's Opposition

Plaintiff's opposition fails to address the issue of substantial similarity in any meaningful way. Her assertions that she believes Carolina Pad's designs to be substantially similar to her own designs is not evidence of similarity and is insufficient to create a genuine issue of material fact. Plaintiff offers "no specific, objective similarity" between any of her designs and any of Carolina Pad's designs. *See Humphreys & Partners Architects, L.P.*, 790 F.3d at 541-42 (affirming grant of summary judgment in favor of defendants in copyright claim because

12

plaintiff failed to identify any "specific, objective similarity between the two designs to support his conclusion that the buildings' floorplans and appearances are similar.")

Contrary to McFee's claim, Carolina Pad is not required to present expert testimony to show there is no "substantial similarity" between the designs. In fact, the Fourth Circuit has found that a defendant need not present expert testimony to show a lack of similarity even if the plaintiff presents expert testimony that the works are substantially similar. *See Hennon*, 64 F.3d at 657. In fact, courts routinely determine noninfringement of a copyright as a matter of law at the summary judgment stage based on their own review of the works at issue. *See*, *e.g*., *Eaton* 972 F. Supp. at 1023, 1027.

The Court finds that no reasonable trier of fact would find substantial similarity between McFee's designs and Defendant's designs under the heightened standard that must be utilized for thin works. Any purported similarities in the designs herein are merely dictated by the fact that both have the same general subject matter: polka dots, stripes, and flowers. Any ordinary observer could easily point out the differences between the designs. "[A] court can find designs to be visually similar with the same general layout and nonetheless find the dissimilarities significant enough to preclude a finding of infringement." *Building Graphics*, 866 F. Supp. 2d at 544.

### E. Copyright Registration

Even if the designs were substantially similar, it is undisputed that McFee did not yet have copyright registrations for the In the Navy Stripes, Kaleidoscope Floral, Hot Chocolate Stripes, Pattern Play Polka Dots, Malibu Paisley, and Malibu Polka Dots designs when she filed her Complaint. The Supreme Court recently held that a plaintiff must have actual copyright registrations before filing a claim, not merely copyright applications. *See Fourth Estate Public*

*Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 886 (2019) ("We hold, in accord with the United States Court of Appeals for the Eleventh Circuit, that registration occurs, and a copyright claimant may commence an infringement suit, when the Copyright Office registers a copyright."). Defendant has cited numerous cases from other districts decided after *Fourth Estate* that hold that a plaintiff who files suit with only a copyright application (not a registration) cannot save her claim even if the application matures into a registration during the pendency of the litigation. The Fourth Circuit has yet to weigh in on this particular issue. Having determined that Plaintiff's copyright infringement claims fail for lack of extrinsic substantial similarity, this Court declines to address this argument.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment (Doc. No. 64) is hereby GRANTED, and Plaintiff's Motion for Partial Summary Judgment Dismissing Eight Affirmative Defenses and Establishing the Infringer's Profits (Doc. No. 66) is hereby DENIED.

Signed: November 16, 2023

Graham C. Mullen
United States District Judge