IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21CV633-GCM

| | |
|---|---|
| JACQUELINE S. MCFEE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CAROLINA PAD, LLC, )<br>)<br>Defendant. )<br>_____)<br>_____) | ORDER |

This matter is before the Court upon Defendant's Motion for Attorney's Fees (Doc. No. 85). This matter has been fully briefed and is ripe for disposition.

I.     FACTUAL BACKGROUND

The facts of this copyright infringement case are set forth in detail in the Court's Order granting Defendant's Motion for Summary Judgment. (Doc. No. 82). After careful consideration, the Court determined that because Plaintiff's designs merited only "thin" copyright protection, she failed to prove that Defendant's designs were substantially similar. The Defendant now seeks over half a million dollars in attorney's fees pursuant to 17 U.S.C. § 505.

II.     DISCUSSION

As the prevailing party, Carolina Pad is entitled to seek reasonable attorneys' fees under the Copyright Act, 17 U.S.C. § 505, which provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. In determining whether an award of attorneys' fees is appropriate in a copyright case, courts in the Fourth Circuit consider the following factors:

> (1) the motivation of the parties; (2) the objective reasonableness of the legal and factual positions advanced; (3) the need in particular circumstances to advance considerations of compensation and deterrence; and (4) any other relevant factor presented.

*Diamond Star Bldg. Corp. v. Freed*, 30 F.3d 503, 505 (4th Cir. 1994) (internal quotations omitted) (citing *Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 234 (4th Cir. 1994)).

The first factor the Court must consider is "the motivation of the party from whom an award of attorney's fees and costs is sought." *See Diamond Star*, 30 F.3d at 506. The Court finds that this factor weighs in favor of McFee. There is no evidence that McFee acted maliciously or in bad faith in bringing this lawsuit. McFee has diligently sought to protect her rights in the designs she created while employed by CPP.

The Court must next weigh the objective reasonableness of the legal and factual positions advanced. In doing so, the court may consider "whether the positions advanced by the parties were frivolous, on the one hand, or well-grounded in law and fact, on the other." *Rosciszewski*, 1 F.3d at 234; *SER Solutions, Inc. v. Masco Corp.*, 103 Fed. Appx. 483, 489 (4th Cir. 2004). This Court granted summary judgment in favor of the Defendant based upon a finding of no substantial similarity between McFee's designs and the Defendant's designs. However, a grant of summary judgment in favor of the Defendant herein does not necessarily render McFee's position objectively unreasonable. *See Charles W. Ross Builder, Inc. v. Olsen Fine Home Bldg., LLC*, Civil No. 4:10cv129, 2014 WL 1117909, *3 (E.D.Va. March 19, 2014); *Tessler v. NBC Universal, Inc.*, No. 2:08cv234, 2010 WL 3835061 (E.D.Va. Sept. 29, 2010). In *Tessler*, the court rejected the prevailing party's argument that a lack of substantial similarity equated to objective unreasonableness. In discussing the cases the prevailing party cited in which courts awarded fees, the *Tessler* court noted that the objective reasonableness evaluation was often "linked to other distinguishable characteristics of the cases such as: plaintiff's bad motive, claims

2

based on work already in the public domain, flagrant inaccuracies in the plaintiff's claim and supporting materials, and frivolous substantive claims." 2010 WL 3835061, at *4.

The Court finds that even though McFee ultimately did not prevail, she did not pursue a position in this lawsuit that could be characterized as frivolous or objectively unreasonable so as to support an award of attorney's fees. It was only because McFee's designs consisted of common design elements that the Court found that they merited "thin" copyright protection and thus a heightened standard of substantial similarity. (*See* Doc. No. 82). McFee made a persuasive case that her works and those of the Defendant were intrinsically similar, that is, the works were similar in their total concept and feel. However, she was unable to convince the Court that the works were also extrinsically similar under the heightened standard afforded to thin works. This does not mean that her position was objectively unreasonable. *See Nicholls v. Tufenkian Import/Export Ventures, Inc.*, No. 04 Civ. 2110(JCF), 2005 WL 1949487, at *4 (S.D.N.Y. Aug. 11, 2005) (denying attorneys' fees to a prevailing party in a copyright infringement case, explaining that "[a]ttorneys' fees will not be awarded to a defendant when works, although not infringing, are similar in overall appearance.").

In support of its Motion, Defendant cites *Diamond Star*, where the Fourth Circuit found that the district court in a copyright infringement case had abused its discretion in refusing to award attorney's fees to the prevailing defendant. However, in *Diamond Star*, the plaintiff's case was described as "a defamation of a copyright case," a case "that should never have been brought," and "an utterly meritless claim." *Diamond Star*, 30 F.3d at 506. McFee's position can hardly be described in these terms.

The Court next considers the need to advance considerations of compensation and deterrence. No evidence has been presented bearing on the need for compensation. An award of

3

attorney's fees to deter the pursuit of frivolous litigation is not merited here, as the Court has determined that McFee's case was not frivolous. Defendant cites a previous case filed by McFee in this district against her former employer, CPP International, seeking to enforce her rights in certain designs created during her employment. The history behind this case is set forth in detail in this Court's June 16, 2022 Order denying the Defendant's Motion to Dismiss. (*See* Doc. No. 30). The Court is not persuaded that McFee's diligent pursuit of her intellectual property rights is conduct that presents a need for deterrence. The cases cited by Defendant in support of its argument are readily distinguishable.

The fourth factor that may be considered by the Court is "any other relevant factor presented." *Diamond Star*, 30 F.3d at 505. The Defendant does not raise any argument regarding this factor. Plaintiff, on the other hand, cites to Defendant's dilatory supplementation of its initial disclosures, its untimely document production, and its frivolous motion for sanctions. The fact that the first three factors weigh in favor of the Plaintiff renders this last factor somewhat superfluous. However, the Court finds that it merely lends additional weight in Plaintiff's favor.

Because all the factors considered weigh against an award of attorneys' fees,

IT IS THEREFORE ORDERED that Defendant's Motion for Attorney's Fees is hereby DENIED.

Signed: April 3, 2024

Graham C. Mullen
United States District Judge